# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

      Plaintiff,

-vs-

**Case Nos. 14-C-1303, 14-C-1304
(Criminal Case No. 09-Cr-131)**

**IVY TUCKER,**

      Movant.

# DECISION AND ORDER

Movant Ivy Tucker ("Tucker") filed a pro se motion for relief pursuant to 28 U.S.C. § 2255, a supporting memorandum, and motions for recusal and for the appointment of counsel. (ECF Nos. 1-4.) The action was assigned Case No. 13-C-1303 (the "1303 action"). The § 2255 motion raises claims of ineffective assistance of trial counsel (grounds one through six, and eight through ten);[1] denial of due process (ground seven); and ineffective assistance of appellate counsel (ground eleven).

The same day, an attorney for Tucker filed a motion for relief pursuant to 28 U.S.C. § 2255 and a supporting memorandum. The action

---

[1] *See Pole v. Randolph,* 570 F.3d 922, 934 (7th Cir. 2009) ("Ineffective assistance of counsel is a single ground for relief no matter how many failings the lawyer may have displayed" (quoting *Peoples v. United States,* 403 F.3d 844, 848 (7th Cir. 2005)).

was designated case number 14-C-1304 (the "1304 action"). He also requests an immediate evidentiary hearing, appointment of counsel to represent Tucker in subsequent proceedings, and Tucker's release on reasonable bail during the pendency of this proceeding. The § 2255 motion raises a claim of ineffective assistance of counsel based on failure to investigate the facts, failure to mount a credible defense, and failure to object to misleading and prejudicial statements by opposing counsel.

Rule 12 of the Rules Governing Section 2255 Proceedings provides that the Federal Rules of Civil Procedure (and the Federal Rules of Criminal Procedure) may be applied to a proceeding under § 2255, to the extent that they are not inconsistent with the Rules for Section 2255 proceedings. Rule 42(a) of the Federal Rules of Civil Procedure provides for the consolidation of actions if they have a common question of law or fact. Both the 1303 and the 1304 actions attack a single conviction — Tucker's October 14, 2010, conviction in Case No. 09-Cr-131 for conspiring to distribute heroin; thus, they relate to common facts. Both actions also raise ineffective assistance of counsel claims, so they also raise commons issues of law. Furthermore, a movant may bring one motion for relief pursuant to 28 U.S.C. § 2255 — any subsequent or successive motion must be certified by the court of appeals before it can be filed. *See* Rule 9 of the

Rules Governing Section 2255 Proceedings. Based on the foregoing, Tucker's motions for § 2255 relief are consolidated for all further proceedings. *See* Fed. R. Civ. P. 42(a). In accordance with Civil Local Rule 42(b), all papers must be filed in and docketed only in the lower case number, the 1303 action.

Tucker seeks recusal of this Court pursuant to 28 U.S.C. § 455. His six-page motion cites various rulings made by the Court during the course of his criminal proceedings.

"[J]udical rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States,* 510 U.S. 540, 555 (1994). Allegations of prejudice and bias based solely on prior judicial rulings are not legally sufficient bases for recusal unless the movant can show that the judge's opinions derived from an extrajudicial source. *Id.* Prior decisions of the Court are a proper basis for appeal, not for recusal. *Id.* Tucker has not established a basis for the Court's recusal; therefore, his motion such relief is denied.

Furthermore, examination of the grounds raised by the motions do not plainly establish Tucker is not entitled to relief; the Government will be required to file an answer to **all** grounds for relief presented in the consolidated action. *See* Rules 4 and 5 of the Rules Governing Section 2255

Proceedings. Additionally, because the grounds for relief call into question the representation provided by trial and appellate counsel, the Clerk of Court is directed to send each of them a copy of this Decision and Order, and they will be afforded an opportunity to respond to those grounds for relief. After the answer and any responses by the former attorneys for Tucker have been filed, the Court will decide whether to conduct an evidentiary hearing. *See* Rule 8 of the Rules Governing Section 2255 Proceedings. That decision may require appointment of counsel for Tucker, if he qualifies for appointment of counsel under 18 U.S.C. § 3006A. However, at this juncture the interest of justice does not require counsel be appointed. Therefore, Tucker's motion for appointment of counsel is denied.

Tucker's request for release on bail is also denied. The request is made in a single sentence without citation to any legal authority for the request. (*See* 1304 action, Mem. 12.)

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Tucker's motions for § 2255 relief, Case Nos. 14-C-1303 and 14-C-1304, are **CONSOLIDATED FOR ALL FURTHER PROCEEDINGS**.

All papers **must be filed in and docketed only in the lower**

**case number, 14-C-1303**.

Tucker's motion for recusal (ECF No. 3) is **DENIED**;

**On or before January 6, 2015,** the Government must file an answer to all grounds for relief presented in the consolidated action;

Such answer must comply with the requirements of Rule 5 of the Rules Governing Section 2255 Proceedings;

The Clerk of Court is directed to send each of the attorneys who represented Tucker in the criminal action and/appeal a copy of this Order;

**On or before February 6, 2015,** any attorney who represented Tucker at trial or on appeal may file a response to Tucker's motion;

Tucker's motion for appointment of counsel (ECF No. 2) is **DENIED**;

Tucker's request for release on bail is **DENIED**.

Dated at Milwaukee, Wisconsin, this 4th day of November, 2014.

                                **BY THE COURT:**

                                _____
                                **HON. RUDOLPH T. RANDA**
                                **U.S. District Judge**